```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

        CASE NO. 08-80682-CIV-DIMITROULEAS/SNOW
```

RGF ENVIRONMENTAL GROUP,

       Plaintiff,

vs.

ACTIV TEK ENVIRONMENTAL
CORPORATION, *et al.*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Bill of Costs (DE 166), requesting this Court to tax costs against the defendants in the total amount of $17,684.07, which was referred to United States Magistrate Judge Lurana S. Snow. The defendants have filed their Response to the Bill of Costs (DE 173), and the plaintiff has not filed a reply memorandum. Therefore, the plaintiff's request to tax costs is ripe for consideration.

### I. PROCEDURAL HISTORY

The plaintiff filed this action for copyright infringement, trademark and trade dress infringement and breach of contract. Of the ten counts contained in the Amended Complaint, some were resolved prior to trial.

A non-jury trial was conducted on Count I (copyright infringement against defendant activTek only); Count II (copyright Infringement against defendant Jackson only); Count VII (trademark and trade dress infringement against all defendants as to damages

and against defendant Jackson for liability and damages) and Counts IX and X (trademark and trade dress infringement on a different product against all defendants). Verdict was rendered in favor of the plaintiff against defendant activTek on Count I; in favor of the plaintiff against defendant Jackson on Count II; in favor of the plaintiff against defendants activTek, EcoQuest International and EcoQuest Printing on Count VII. The Court found for defendant Jackson (as to damages) on Count VII, and for all defendants on Counts IX and X. (DE 162)

In its Bill of Costs, the plaintiff seeks taxation against the defendants of various costs, including costs for exemplification and copies, fees to the Tennessee Secretary of State and court reporter fees for depositions. In their response, the defendants object to the taxation of costs for copies and fees to the Tennessee Secretary of State, but make no mention of deposition costs. Inexplicably, only in their Reply to Plaintiff's Response to Defendant, Michael Jackson's, Verified Motion for Attorneys' Fees and Costs (DE 188), do the defendants argue that the plaintiff is not entitled to recover costs for deposition exhibits, delivery charges, postage costs, condensed transcripts and ASCII disks. However, since the defendants' objections have merit, the undersigned will consider them in connection with the plaintiff's Bill of Costs.

II. RECOMMENDATIONS OF LAW

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.  Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). Taxable costs are identified in 28 U.S.C. § 1920 as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d) also grants the Court the discretion to refuse to tax costs in favor of the prevailing party.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

In the instant case, the defendants do not contend that the plaintiff is not a prevailing party entitled to recover costs, but object to certain categories of costs claimed by the plaintiff.

A. <u>Fees for Exemplification and Copies</u>

The defendants first object to the claim for exemplification and copies. The plaintiff's Bill of Costs lists a charge of $530.17 for fees for exemplification and copies of papers necessarily obtained for use in the case. In support of that claim, the plaintiff attaches an invoice from ImageSource for 4,168 Medium Litigation Copies at $.12 per page. The plaintiff does not describe the documents copied, nor does it state why they were needed for use in the case.

In <u>Scelta v. Delicatessen Support Services, Inc.</u>, 203 F. Supp.2d 1328, 1340(M.D.Fla. 2002), the Court noted that under 28 U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'" <u>Id</u>. at 1340, quoting <u>W&O, Inc.</u>, 213 F.3d at 623. The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing <u>Desisto College, Inc. V. Town of Howey-in-the Hills</u>, 718 F.Supp. 906, 914 (M.D.Fla. 1989)(holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel). The <u>Scelta</u> court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient. The court acknowledged that an accounting for each

photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general photocopying expenses. Scelta, 203 F. Supp.2d at 1340, citing Fulton Fed. Savings & Loan Assoc. Of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). Since the court had no basis for determining which copying costs were compensable, the claim was rejected in its entirety. Scelta, 203 F. Supp.2d at 1340-1341; *see also,* Aranda v. Jewish Community Services of South Florida, Inc., 2007 WL 707384 (S.D.Fla. 2007).

In the instant case, the plaintiff's invoice from ImageSource does not contain any differentiation between recoverable photocopying costs and costs incurred for the convenience of counsel. Although the costs for some of the copies undoubtedly are recoverable, there is no basis in the record to identify which photocopies qualify for reimbursement under 28 U.S.C. § 1920(4). Therefore, the plaintiff's claim of $530.17 for copying must be denied in its entirety. Scelta; Desisto; Aranda.

B. Fees to Tennessee Secretary of State

The defendants point out that the plaintiff does not explain why it incurred a fee to the Tennessee Secretary of State. Moreover, the plaintiff's Bill of Costs lists a charge of $40.00, while the supporting invoice indicates a charge of $20.00.

The undersigned agrees with the defendants that the plaintiff has not shown why this cost is taxable under 28 U.S.C. § 1920, and the $40.00 fee to the Tennessee Secretary of State must be disallowed.

C. <u>Costs Associated With Deposition Transcripts</u>

In their Reply to Plaintiff's Response to Defendant Michael Jackson's Verified Motion for Attorney's Fees and Costs (DE 188), the defendants argue that the plaintiff is not entitled to recover the costs of deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks, or copies of transcripts embedded in court reporter expense, citing <u>Henderson v. Home Depot U.S.A., Inc.</u>, 2006 WL 4978430 at *4 (M.D. Fla. July 6, 2006); <u>Luken v. International Yacht Council Ltd.</u>, 2009 WL 678005 at *4 (S.D. Fla. March 11, 2009), and <u>Lehman Bros. Holdings, Inc. V. Hirota</u>, 2009 WL 5067798 at *6 (M.D. Fla. Dec. 16, 2009).

Title 28 U.S.C. §1920(2) provides that "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are taxable costs. The undersigned agrees that the costs to which the defendants object are not fees of the court reporter for all or part of a stenographic transcript, but relate instead to a services provided for the convenience of counsel. Accordingly, the plaintiff's claim of $16,573.90 will be reduced by the total amount of these costs: $6851.31.[1]

---

[1] The undersigned has allowed the plaintiff to recover for the court reporters' mileage, administrative/processing fees, conference room charges and notary certificate. The defendants did not specifically object to these charges, and the undersigned finds that they were necessary costs incurred in connection with the depositions, rather than for the convenience of counsel.

III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the plaintiff's request for the taxation of costs contained in its Bill of Costs (DE 166) be GRANTED, in part, as follows: the total claimed costs should be reduced by a total of $7421.48, and the clerk should be directed to tax costs against the defendants in the amount of $10,262.59.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 21st day of July, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record