```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

          CASE NO. 08-80682-CIV-DIMITROULEAS/SNOW
```

RGF ENVIRONMENTAL GROUP,

    Plaintiff,

vs.

ACTIV TEK ENVIRONMENTAL
CORPORATION, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the defendants' Bill of Costs (DE 168), requesting this Court to tax costs against the plaintiff in the total amount of $15,873.95, which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff has filed its Response and Objection to Defendants' Bill of Costs (DE 177), and the defendants have filed a Reply memorandum (DE 182). Therefore, the defendants' request to tax costs is ripe for consideration.

### I. PROCEDURAL HISTORY

The plaintiff filed this action for copyright infringement, trademark and trade dress infringement and breach of contract. Of the ten counts contained in the Amended Complaint, some were resolved prior to trial.

A non-jury trial was conducted on Count I (copyright infringement against defendant activTek only); Count II (copyright

infringement against defendant Jackson only); Count VII (trademark and trade dress infringement against all defendants as to damages and against defendant Jackson for liability and damages) and Counts IX and X (trademark and trade dress infringement on a different product against all defendants).  Verdict was rendered in favor of the plaintiff against defendant activTek on Count I; in favor of the plaintiff against defendant Jackson on Count II;  in favor of the plaintiff against defendants activTek, EcoQuest International and EcoQuest Printing on Count VII.  The Court found for defendant Jackson (as to damages) on Count VII, and for all defendants on Counts IX and X. (DE 162)

The plaintiff has objected to the defendants' Bill of Costs on the ground that they are not prevailing parties under Fed. R. Civ. P. 54(d).  Alternatively, the plaintiff contends that the defendants are not entitled to recover for their demonstrative trial exhibits and consultant fees associated with those exhibits. In their Reply, the defendants concede that they are not entitled to consultant fees associated with the trial exhibits.  The plaintiff has not objected to costs for deposition exhibits, delivery charges, postage costs, condensed transcripts and ASCII disks.

## II. <u>RECOMMENDATIONS OF LAW</u>

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.  Rule

54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). Taxable costs are identified in 28 U.S.C. § 1920 as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d) also grants the Court the discretion to refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

In the instant case, the plaintiff contends that the defendants are not "prevailing parties" entitled to recover costs.

In order to tax costs against the adverse party under Rule 54(d), a party must first be a "prevailing party."  The Supreme Court has held that a prevailing party is one who prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit."  Tex. State

Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)(internal citations and quotations omitted).  In most instances, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d), and a party who has obtained some relief will be regarded as the prevailing party, even though he has not sustained all of his claims.  Indeed, courts in this Circuit consistently have approved shifting costs even if the prevailing party obtains judgment on a fraction of the claims he has advanced.  Head v. Medord, 62 F.3d 351, 355 (11th Cir. 1995); United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978); Doria v. Class Action Services, LLC, 261 F.R.D. 678, 682 (S.D. Fla. 2007).

The defendants contend that there need not be only one prevailing party, relying on James v. Wash Depot Holdings, Inc., 242 F.R.D. 645 (S.D. Fla. 2007), where the court stated, "Under the law governing attorney's fees and costs 'one party can be determined to be a prevailing party on one claim, while the opposing party prevails on another claim.'" Id. at 648 quoting Stewart v. Town of Zolfo Springs, 1998 WL 776848 at *1 (M.D. Fla. Sept. 16, 1998)(citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).  In James, the court awarded costs to parties on both sides of the litigation.

In Barber v. T.D. Williamson, Inc., 254 F.3d 1223 (10th Cir. 2001), the plaintiff in a Title VII case prevailed on only one of three claims, and was awarded nominal damages in the amount of $1.00.  The trial judge did not make an explicit determination of

4

which party had prevailed, but did award costs to both parties. The Tenth Circuit acknowledged that in cases where neither side clearly prevailed, where both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides. Id. at 1234-35. Nevertheless, the appellate court held that the plaintiff was the prevailing party, and that it was clear error for the judge to find, for purposes of Rule 54(d), that both parties had prevailed. Id. at 1234.

The Barber court explained that for purposes of that Rule, which refers to "*the* prevailing party, not "prevailing parties," only one party can prevail. The Court pointed out that the determination that one party has prevailed necessarily entails a determination that the other party lost. Id. at 1235 n.7, citing Fed. Rule Civ. P. 54(d)(1); EEOC v. LB Foster Co., 123 F.3d 746, 750 (3rd Cir. 1997); Commonwealth v. Oil Ref. Co. V. EEOC, 713 F. Supp. 223, 227 (W.D. Tex. 1989).

In the instant case, Final Judgment for the Plaintiff (DE 163) was entered on Counts I, II and VII. The plaintiff was awarded damages and injunctive relief. Despite the fact that the plaintiff did not prevail on all of its claims, it clearly is the prevailing party for purposes of Rule 54(d). Head; Mitchell; Barber. The undersigned believes that this is not an appropriate case for the application of the decision in James, and concludes that the plaintiff is the only prevailing party entitled to an award of costs. Barber.

5

III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the defendants' request for taxation of costs against the plaintiff, set forth in their Bill of Costs (DE 168), be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 21st day of July, 2010.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record