```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-80682-CIV-DIMITROULEAS/SNOW
```

RGF ENVIRONMENTAL GROUP,

    Plaintiff,

vs.

ACTIV TEK ENVIRONMENTAL
CORPORATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Michael Jackson's Verified Motion for Attorneys' Fees and Costs (DE 170), which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff has filed its Response to the Motion (DE 185), and the plaintiff has filed a Reply (DE 188). Therefore, the motion is fully briefed and ripe for consideration.

### I. PROCEDURAL HISTORY

The plaintiff filed this action for copyright infringement, trademark and trade dress infringement and breach of contract. Of the ten counts contained in the Amended Complaint, some were resolved prior to trial. A non-jury trial was conducted on Count I (copyright infringement against defendant activTek only); Count II (copyright Infringement against defendant Jackson only); Count VII (trademark and trade dress infringement against all defendants as to damages and against defendant Jackson for

liability and damages) and Counts IX and X (trademark and trade dress infringement on a different product against all defendants). Verdict was rendered in favor of the plaintiff against defendant Jackson on Count II, with damages in the amount of $11,628.00. The Court also entered a permanent injunction against future infringement by the defendant. (DE 162)

On May 11, 2009, prior to the commencement of trial, defendant Jackson submitted a document entitled "Offer of Judgment" to the plaintiff. (DE 171-1) Jackson offered to pay the plaintiff $25,000.00 "in complete settlement of all claims against Jackson contained in Counts II, VII, VIII, IX and X." Id., ¶2. The Offer recited that the Offer "includes resolution for attorneys' fees and costs by Plaintiff." Id. ¶ 4. The Offer required the plaintiff to execute and deliver a release, the terms of which released Jackson from liability as to the settlement counts, as well as all claims that the plaintiff could have brought against Jackson in the remaining counts of the complaint. The plaintiff also was required to dismiss with prejudice the claims contained in Counts II, VII, VIII, IX and X. Id. ¶5. The Offer contains no provision for injunctive relief and, because it required the plaintiff to dismiss with prejudice the counts in which Jackson was named as a defendant, no provision for the entry of judgment against Jackson. The Offer was not accepted by the plaintiff.

2

In the instant motion, Jackson seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 68, arguing that the total recovery of the plaintiff (damages awarded plus allowable costs) was less than the $25,000 offered in the Offer of Judgment. The plaintiff objects, contending that the Offer of Judgment did not comply with Rule 68 because it did not provide for the entry of judgment against defendant Jackson. Additionally, the plaintiff asserts that the offered amount did not exceed the total award to the plaintiff because it assigned no value to the injunctive relief the plaintiff received. The plaintiff also argues that Jackson cannot recover under Rule 68 because judgment was entered against Jackson. Finally, the plaintiff contends that even if Jackson is entitled to recover fees and costs, he cannot recover all of what he has requested.

## II. RECOMMENDATIONS OF LAW

Fed. R. Civ. P. 68 provides, in pertinent part:

(a) **Making an Offer; Judgment on an Accepted Offer**. More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

\* \* \* \*

(d) **Paying Costs After an Accepted Offer**. If the judgment that the offeree finally

3

>             obtains is not more favorable than the
>             unaccepted offer, the offeree must pay
>             the costs incurred after the offer was
>             made.

The plaintiff contends that Jackson's Offer of Judgment was, in fact, an offer of settlement because it did not provide for entry of judgment against Jackson on any Count, but required instead dismissal with prejudice of all counts in which Jackson was named, as well as a release of Jackson from any further liability on all claims contained in the Amended Complaint.  The plaintiff points out that in Menchise v. Akerman Senterfitt, 532 F.3d 1146 (11th Cir. 2008), the court distinguished between an offer of settlement and an offer of judgment.  The Court held that an offer of monetary compensation in exchange for a dismissal with prejudice of all charges was not an offer of judgment under Rule 68, which "requires that a judgment be entered in favor of the offeree." Id. at 1152-53, citing Tanker Management v. Brunson, 918 F. 2d 1524, 1528-29 (11th Cir. 1990)("Rule 68 applies only to offers of judgment and is in no way applicable to settlement offers").

Defendant Jackson does not address or attempt to distinguish either of these cases, but argues instead that Rule 68 does not require any specific language to be used in the offer of judgment.  The defendant contends that the only constraint the rule places on offers of judgment is its mandate that an offer include "costs then accrued," citing the text of the rule and Thompson v. Southern Fram Bureau Casualty Insurance Company, 520 F.2d 902, 904

4

(8th Cir. 2008) (a Rule 68 offer of judgment may not exclude costs). The defendant fails to note that the Rule also provides that upon notification that an offer of judgment has been accepted, "the clerk must then enter judgment." F. R. Civ. P. 68(a).  If, as here, the offer entails a dismissal with prejudice by the plaintiff, no judgment could be entered by the clerk.  As the <u>Menchise</u> court emphasized, under Rule 68 "'a judgment [against the defendant] on specified terms' is required."  <u>Menchise</u>, 532 F.3d at 1152. Moreover, the fact that a settlement offer is contained in a document entitled "Offer of Judgment" is not material to the determination of whether Rule 68 applies.  <u>Id</u>.

Defendant Jackson also points to the unpublished opinion in <u>Danow v. Law Office of David E. Borack, P.A.</u>, 2010 WL 597213 (11th Cir. Feb. 22, 2010), a case on which the plaintiff relies for the proposition that its recovery at trial was more favorable than what was offered by defendant Jackson.  In <u>Danow</u>, the defendant offered the plaintiff of $1,000 in damages and $2,000 in attorneys' fees and costs, in exchange for a dismissal of all charges and a confidential release from the plaintiff. At trial, the plaintiff recovered $1,000 in damages.  The defendant argued, pursuant to Rule 68, that the plaintiff was not entitled to recover attorneys' fees and costs because the amount of damages the plaintiff recovered was the same as that offered by the defendant in his Offer of Judgment.  The plaintiff in <u>Danow</u> did *not* raise the issue

of whether the document styled "Offer of Judgment" was governed by Rule 68.

The Eleventh Circuit held that the plaintiff was entitled to recover fees and costs because the damages awarded by the Court, although in the same monetary amount as offered by the defendant, were not conditioned upon the plaintiff's signing a confidential release. "While it is difficult to assess the value of this condition, it presumably was worth *something* to the [defendant], signifying that Danow's ultimate recovery, which did not contain this condition, was 'more favorable' to Danow than that provided in the Offer of Judgment." Id. at *2. The court concluded that the defendant had not met his burden of demonstrating that the terms of the offer of judgment were more favorable than the plaintiff's award at trial. Id.

Defendant Jackson asserts that the Court in Danow "did not invalidate the offer for its failure to include certain magic words." (DE 188 at 3) This is hardly surprising, since that issue was not raised by the parties, and the court found in favor of the plaintiff even presuming that Rule 68 did apply. The failure of the Eleventh Circuit to mention or rule on an issue which was not before the Court cannot serve to overrule its unambiguous holdings in Menchise and Thompson, or to supersede the plain meaning of the Rule itself, which requires an entry of judgment.

6

However, the holding of Danow *does* support the plaintiff's second argument: even if defendant Jackson's offer were held to be a Rule 68 offer of judgment, the offer was not more favorable than the judgment the plaintiff received at trial. The defendant contends that the plaintiff's damage award of $11,628.00, plus the $10,381.30 in costs (the amount the defendant believes the plaintiff legally can recover) is approximately $3,000 less than the $25,000 offered by Jackson prior to trial. The defendant concedes that the plaintiff also received permanent injunctive relief against him, but argues this has no value because the infringing conduct had ceased well before trial commenced. The defendant makes no mention of the fact that the verdict did not require the plaintiff to execute a release of any kind.

The undersigned is not persuaded by the defendant's argument. As in Danow, the 2 ½ page release appended to Jackson's offer must have had some value to Jackson or he would not have included it. Similarly, if injunctive relief were meaningless, there would be no reason for the defendant to have excluded it from his offer. Assuming *arguendo* that the defendant is correct in his computation of the costs to which the plaintiff is entitled, he still has not demonstrated that the value to the plaintiff of the permanent injunction, together with the absence of a release of all claims against Jackson, is less than $3,000.

7

The undersigned concludes that under <u>Menchise</u> and <u>Thompson</u>, defendant Jackson's offer, despite its title, was not an offer of judgment, but an offer of settlement. Therefore, Rule 68 does not apply and defendant Jackson is not entitled to the benefit of its provisions.

Alternatively, the undersigned concludes that even if the offer were deemed to be an offer of judgment under the Rule, it was not more favorable to the plaintiff than the Court's award of damages and injunctive relief, with no requirement of a release and dismissal of all claims against the defendant. The undersigned finds, to the contrary, that the judgment obtained by the plaintiff at trial was more favorable than defendant Jackson's offered terms. Accordingly, Jackson cannot recover costs under the provisions of Rule 68(d).

For these reasons, it is not necessary to address the other arguments advanced by defendant Jackson in support of his request for attorneys' fees and costs.

### III. <u>CONCLUSION</u>

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that Defendant Michael Jackson's Verified Motion for Attorneys' Fees and Costs (DE 170) be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file

written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 21st day of July, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record