UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV-80682-DIMITROULEAS

RGF ENVIRONMENTAL GROUP,
INC.,

        Magistrate Judge Snow

    Plaintiff,

v.

ACTIV TEK ENVIRONMENTAL
CORPORATION, a foreign corporation,
ECOQUEST INTERNATIONAL, INC.,
a foreign corporation, ECOQUEST
PRINTING AND GRAPHICS, INC., and
MICHAEL JACKSON,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Defendants' Bill of Costs [DE 168], filed on February 17, 2010, and the Report and Recommendation [DE 191] of Magistrate Judge Snow entered on July 21, 2010.  The Court has conducted a *de novo* review of the Report and Recommendations, the underlying Bill of Costs, the Plaintiff's Response [DE 177], the Defendants' Reply [DE 182], the record, and Defendants' Objections to the Report and Recommendation [DE 24], and is otherwise fully advised in the premises.

A complete background to this case and the Plaintiff's claims are given in our Findings of Fact and Conclusions of Law [DE 162] of January 29, 2010.  We summarize the relevant findings here.

Plaintiff RGF Environmental Corporation ("RGF") brought claims of copyright

1

infringement, breach of contract, accounting, violation of Florida's Deceptive and Unfair Trade Practices Act, trademark infringement, and trade dress infringement against Defendants activTek Environmental Corporation ("activTek"), EcoQuest International, Inc. ("EcoQuest"), EcoQuest Printing and Graphics, Inc. ("EcoQuest Printing"), and Michael Jackson. The parties either settled or otherwise agreed to a dismissal of several counts. We granted summary judgment in part to Mr. Jackson on part of one count of trademark infringement, granted summary judgment in favor of the Plaintiff against all Defendants except Mr. Jackson on the TurboZone mark infringement claim, and denied summary judgment otherwise. Two counts of copyright, two counts of trademark infringement, and one count of trade dress infringement remained pending for a bench trial. We entered judgment for the Plaintiff and against activTek and Mr. Jackson on copyright infringement in the amount of $11,628.00, and found damages of $22,947.39 on the one count of trademark infringement ("TurboZone") on which we granted Plaintiff summary judgment. We imposed a permanent injunction regarding the copyright and trademark claims for which we found against the Defendants. We found for Mr. Jackson on both trademark counts and for all Defendants on the other trademark infringement claim ("BOS") and the trade dress claim.

      Defendants filed its Bill of Costs claiming that it is a prevailing party because we found in favor of them on some of Plaintiff's claims. Plaintiff argued that it was the prevailing party, and even if Defendants could also be considered prevailing parties, they did not separate their costs as to the claims on which they prevailed. The Magistrate Judge found that Plaintiff was the prevailing party in this case, not the Defendants, and recommended we deny them costs. Defendants objected, stating that the law of this District supports finding them to be prevailing parties with regard to the claims on which we found for them.

> To be a prevailing party . . . a party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claim.

Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citations and quotations omitted).  The Eleventh Circuit has further stated that a defendant can only be a prevailing party if the plaintiff "achieves none of the benefits sought in bringing its lawsuit."  Pickett v. Iowa Beef Processors, 149 Fed. Appx. 831, 832 (11th Cir. 2005).  The Eleventh Circuit has affirmed a district court finding that a defendant that prevailed on part of a plaintiff's claims was not a prevailing party. Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., 254 F.3d 987, 1013 (11th Cir. 2001).

      Here, the Defendants prevailed on only some of Plaintiff's claims.  Plaintiff prevailed on its copyright and part of its trademark claims, was awarded damages and Defendants had permanent injunctions imposed against them.  Because Plaintiff prevailed on some of its claims, we find that the Defendants are not prevailing parties and are not due costs from the Plaintiff.

      Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 191] is hereby **ADOPTED**;

2. Defendants' Bill of Costs [DE 168] is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this13th day of August, 2010.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow

Counsel of record