UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV-80682-DIMITROULEAS

RGF ENVIRONMENTAL GROUP,
INC.,

      Plaintiff,

v.

ACTIV TEK ENVIRONMENTAL
CORPORATION, a foreign corporation,
ECOQUEST INTERNATIONAL, INC.,
a foreign corporation, ECOQUEST
PRINTING AND GRAPHICS, INC., and
MICHAEL JACKSON,

      Defendants.
_____/

Magistrate Judge Snow

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Defendant Michael Jackson's Verified Motion for Attorneys' Fees and Costs [DE 170], filed on February 26, 2010, and the Report and Recommendation [DE 192] of Magistrate Judge Snow entered on July 21, 2010. The Court has conducted a *de novo* review of the Report and Recommendations, the Motion, the Plaintiff's Response [DE 185], Mr. Jackson's Reply [DE 188], the record, and Defendants' Objections to the Report and Recommendation [DE 193], and is otherwise fully advised in the premises.

A complete background to this case and the Plaintiff's claims are given in our Findings of Fact and Conclusions of Law [DE 162] of January 29, 2010. We summarize the relevant findings here.

Plaintiff RGF Environmental Corporation ("RGF") brought claims of copyright

1

infringement, breach of contract, accounting, violation of Florida's Deceptive and Unfair Trade Practices Act, trademark infringement, and trade dress infringement against Defendants activTek Environmental Corporation ("activTek"),  EcoQuest International, Inc. ("EcoQuest"), EcoQuest Printing and Graphics, Inc. ("EcoQuest Printing"), and Michael Jackson.  The parties either settled or otherwise agreed to a dismissal of several counts.  We granted summary judgment in part to Mr. Jackson on part of one count of trademark infringement, granted summary judgment in favor of the Plaintiff against all Defendants except Mr. Jackson on the TurboZone mark, and denied summary judgment otherwise.  Two counts of copyright infringement (one of which against Mr. Jackson), two counts of trademark infringement, and one count of trade dress infringement remained pending for a bench trial.  We entered judgment for the Plaintiff and against activTek and Mr. Jackson on copyright infringement in the amount of $11,628.00.  We imposed a permanent injunction against Mr. Jackson regarding the copyright claim. We found for Mr. Jackson on both trademark counts.

On May 11, 2009, prior to trial, Mr. Jackson submitted an "Offer of Judgment" to the Plaintiff, in which he offered $25,000, including attorneys' fees and costs, in exchange for Plaintiff dismissing all counts against him (rather than consenting an entry of judgment against Mr. Jackson).  The Offer made no provision for injunctive relief.

Mr. Jackson seeks attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 68.  Plaintiff argues, *inter alia*, that Mr. Jackson's Offer did not meet all the requirements of Rule 68 because it did not provide for entry of judgment against Mr. Jackson, and that the Offer did not exceed the award to Plaintiff because it does not account for the value of the injunctive relief in the final judgment and because Offer required a release of claims not limited to this case.  Mr.

Jackson responds that Rule 68 has no requirement that entry of judgment be offered, and that there was no value to the injunctive relief because Defendants had already ceased the infringing activity.

We agree with the Magistrate Judge that an offer of judgment must include consent to entry of judgment in order to fall within Rule 68. Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1152-53 (11th Cir. 2008). Like the Magistrate Judge, we are unpersuaded that the Eleventh Circuit in Danow ruled that an offer of judgment complied with Rule 68 though it did not have the "magic words" of consenting to an entry of judgment. Whether the offer of judgment complied with Rule 68 was simply not an issue before the Eleventh Circuit in that case. Danow v. The Law Office of David E. Borack, P.A., 367 Fed. Appx. 22 (11th Cir. 2010). We note that Mr. Jackson made no attempt to distinguish Menchise. We also agree with the Magistrate Judge that Mr. Jackson failed to fulfill his burden of providing a value for the release on additional claims he required in the Offer of Judgment. See Danow, 367 Fed. Appx. at 24 (ruling that the defendant was not entitled to relief pursuant to Rule 68 because he failed to show the value of a release in the defendant's offer of judgment).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 191] is hereby **ADOPTED**;

2. Defendant Michael Jackson's Verified Motion for Attorneys' Fees and Costs [DE 170] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of August, 2010.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow

Counsel of record